1    SHIRLEY D. DEUTSCH, Bar No. 76230
     SCHWARTZ & DEUTSCH, LLP
2    300 S. Grand Ave., Suite 3900
     Los Angeles, California 90071
3    Tel: (213) 236-9400
     Fax: (213) 236-9499
4    Email: sdeutsch@earthlink.net

5    Attorneys for Defendant
     MACY'S, INC.

```
                    FILED
          CLERK, U.S. DISTRICT COURT

              AUG - 7 2013

          CENTRAL DISTRICT OF CALIFORNIA
          BY                    DEPUTY
```

7          UNITED STATES DISTRICT COURT

8          CENTRAL DISTRICT OF CALIFORNIA

9
   ANTONIA MONTANEZ, an
10   individual,

    Case No: **CV 13-05707** ~ ODW
                              (PJWx)

11
            Plaintiff,

   **NOTICE OF REMOVAL OF CIVIL
   ACTION TO THE UNITED STATES
   DISTRICT COURT FOR THE
   CENTRAL DISTRICT OF
   CALIFORNIA**

12
13     v.

14    MACY'S, INC., a corporation; and
     DOES 1 through 50, inclusive,

   Los Angeles County Superior Court Case
   No. BC513772

15
16             Defendants.

17
18 TO THE UNITED STATES DISTRICT COURT FOR THE CENTRIAL DISTRICT

OF CALIFORNIA:

19
20      PLEASE TAKE NOTICE that Defendant MACY'S, INC. ("Defendant"),

21 subject to and without waiving its right to compel arbitration, hereby removes the

above-entitled action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following

22 grounds:

23
24      1.    <u>State Court Action</u>

     Plaintiff Antonia Montanez ("Plaintiff") filed this action against Defendant in

25 Los Angeles County Superior Court, Case No. BC513772 ("State Court Action").

26 Copies of the Civil Case Cover Sheet, Summons and Complaint served on Defendant

27 on July 8, 2013 and the Notice of Case Management Conference and Notice of Order

28

1   to Show Cause Hearing served on July 12, 2013 are attached as <u>Exhibit "A."</u>  No other

2   process, pleadings or orders have been served or filed in the state court action.

3         2.    <u>Diversity of Citizenship</u>

4         According to the Complaint, Plaintiff is a citizen of California who resides in

5   Los Angeles County, California and worked at Macy's Burbank store from 1992-2012.

6   Pursuant to 28 U.S.C. §1332(c)(1), Defendant is deemed to be a citizen of the state in

7   which it is incorporated and the state where its principal place of business is located.

8   Defendant is incorporated under the laws of the State of Delaware. <u>Ex. "B,"</u>

9   <u>Declaration of Linda Balicki ¶ 4.</u> On June 28, 2013, the date on which Plaintiff filed

10  the State Court Action, Defendant's principal places of business were located in

11  Cincinnati, Ohio and New York City, New York. <u>Id. ¶ 5.</u> The officers and senior

12  management who direct, control, and coordinate Defendant's activities do so from

13  Cincinnati, Ohio or New York City, New York. <u>Id.</u>

14        The defendants designated in the Complaint as Does 1-50 are fictitious

15  defendants whose citizenship is to be disregarded for purposes of removal pursuant to

16  28 U.S.C. §1441(a).  *Soliman v. Philip Morris, Inc.* (9th Cir. 2002) 311 F.3d 966, 971.

17        Accordingly, there is complete diversity among the parties.

18        3.    <u>Amount in Controversy</u>

19        In her Summons and Complaint, Plaintiff does not allege the total amount of

20  damages sought, alleging only that this is an unlimited civil case where the damages

21  sought exceed $25,000, including general and compensatory damages, attorneys' fees

22  and punitive damages. However, on December 11, 2012, Ryan Kroll, an attorney

23  representing Plaintiff, demanded $125,000 from Defendant to settle her claims. <u>Ex.</u>

24  <u>"C," Declaration of Jason Lee.</u> Accordingly, the amount in controversy exceeds

25  $75,000 in accordance with 28 U.S.C. § 1332(a)(1).  *Babasa v. LensCrafters, Inc.* (9th

26  Cir. 2007) 498 F.3d 972, 975 (considering settlement demand to establish amount in

27  controversy for purposes of removal); *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F.3d

28  837 (same).                                      2.

4.   <u>Venue</u>

Venue is proper in this district and division because the Los Angeles County Superior Court is located within the Central District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

5.   <u>Diversity Jurisdiction</u>

This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which neither Plaintiff nor Defendant are citizens of the same state and in which the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.   <u>Timeliness of Notice of Removal</u>

Defendant first determined that this case was removable on July 8, 2013 when it was served with this lawsuit. This Notice of Removal is being filed within thirty days of Defendant's receipt of the Summons and Complaint and therefore is timely under 28 U.S.C. §1446(b).

7.   <u>Notice to the Los Angeles County Superior Court</u>

Defendant will file notice with the Los Angeles County Superior Court of the removal of this action.

WHEREFORE, Defendant Macy's, Inc. respectfully requests that this Court exercise jurisdiction over the above-captioned action and issue such further orders and processes as may be just and proper.


Dated: August 6, 2013

SHIRLEY D. DEUTSCH
Attorneys for Defendant
MACY'S, INC.

3.

Exhibit A

1   NATHAN GOLDBERG, SBN 61292
    MARGERY N. SOMERS, SBN 174052
2          LAW OFFICES
    ALLRED, MAROKO & GOLDBERG
3   6300 WILSHIRE BOULEVARD, SUITE 1500
        Los Angeles, CA  90048-5217
4        Main: (323) 653-6530
         Fax: (323) 653-1660
5

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 2 8 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Shaunya Wesley

6   Attorneys for Plaintiff Antonia Montanez

7

8

9        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF LOS ANGELES

11                                              BC513772

12   ANTONIA MONTANEZ, an individual,      )   CASE NO:
                                           )
13              Plaintiff,                  )   COMPLAINT FOR:
                                           )
14                                          )   1. DISCRIMINATION BECAUSE OF
         vs.                                )   DISABILITY (Cal. Govt. Code § 12900, et
15                                          )   seq.)
                                           )   2. FAILURE TO REASONABLY
16   MACY'S, INC., a corporation; and DOES 1 )  ACCOMMODATE DISABILITY (Cal. Govt.
                                           )   Code § 12900, et seq.)
17   through 50, inclusive,                 )   3. FAILURE TO ENGAGE IN THE
                                           )   INTERACTIVE PROCESS (Cal. Govt. Code §
18                                          )   12900, et seq.)
              Defendants.                   )   4. DISCRIMINATION BECAUSE OF AGE
19                                          )   (Cal. Govt. Code § 12900, et seq.)
                                           )   5. WRONGFUL TERMINATION IN
20                                          )   VIOLATION OF PUBLIC POLICY
                                           )
21                                          )   DEMAND FOR JURY TRIAL

22            PRELIMINARY FACTUAL INTRODUCTION

23        1.     Plaintiff Antonia Montanez (hereinafter "Plaintiff" or "Ms. Montanez") is an

24   individual who at all times relevant herein was a resident of Los Angeles County, State of

25   California.

26        2.     Plaintiff is informed and believes, and based thereon alleges that Defendant

27   Macy's (hereinafter "Defendant" or "Macy's") at all times relevant herein, was a corporation

28   located in the County of Los Angeles, State of California with headquarters in San Francisco.

                                1

                            COMPLAINT

1   California.  Defendant is an employer within the meaning of California Government Code §

2   12926 and is engaged in interstate commerce.

3       3.      The true names and capacities, whether individual, corporate, associate or

4   otherwise, of defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to

5   plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff is informed and

6   believes, and based thereon alleges, that each of the defendants designated herein as a DOE is

7   legally responsible in some manner for the events and happenings referred to herein, and caused

8   injury and damage proximately thereby to plaintiff as hereinafter alleged.  Plaintiff will seek

9   leave of court to amend this complaint to show the true names and capacities of the defendants

10  designated herein as DOES when the same have been ascertained.

11      4.      Plaintiff is informed and believes, and based thereon alleges, that at all times

12  mentioned herein, each of the Defendants was the agent, and co-conspirator of the other

13  Defendant, and was at all times herein mentioned, acting within the scope, purpose, consent,

14  knowledge, ratification and authorization of such agency and conspiracy.

15      5.      Ms. Montanez, 86 years of age at the time of her termination, was the victim of

16  continuous and ongoing harassment and discrimination by Ms. Arlene Padron, her superior at

17  Macy's, Inc. because of her age and because Plaintiff required leave and had a disability.  Macy's,

18  Inc. wanted to be a "fun" department store that appealed to "Millennials" between the ages of 13

19  and 30, and, at eighty-six years old, Ms. Montanez, was not compatible with Macy's, Inc.'s vision

20  of itself.  Ms. Montanez was continuously harassed and directed to resign and retire.  When she

21  refused to resign, she was terminated on May 31, 2012.

22      6.      Ms. Montanez began working as a fragrance specialist in the Burbank, California

23  location of Bullock's Department Store in 1992. She continued working as a fragrance specialist

24  when Macy's, Inc. purchased Bullock's Department Store in 1994.

25      7.      During her 20 years with Macy's, Inc., Ms. Montanez consistently displayed a

26  vivaciousness energy and work ethic that gained the respect and admiration of her co-workers

27  and customers; "Antonia Montanez" was synonymous with Macy's Burbank. She loved her job

28  and had no plans to retire.

2

COMPLAINT

8.    In addition to stocking inventory, Ms. Montanez's job as a fragrance specialist involved sales of fragrance products, which, in turn, required substantial daily customer contact. Due to the industry knowledge she had acquired in her almost two decades as a fragrance specialist for Macy's, Inc., Ms. Montanez was able to consistently meet her sales goals while also helping and mentoring younger, less experienced employees.

9.    Despite Ms. Montanez's success and youthful vigor, Ms. Montanez's age of eighty-six years was incompatible with Macy's, Inc.'s image of itself as a "fun" department store that appeals to young consumers. As Macy's, Inc. began shifting its attention to the growth and development of its "business with customers in the Millennial generation (ages 13 to 30). Macy's, Inc. intensified its ongoing pattern of harassment and discrimination toward Ms. Montanez, primarily through Ms. Padron, on the basis of her age by counting her medical leaves of absence as "unexcused absences," by suspending her from work and counting her days of suspension as "unexcused absences," and by continuously threatening her job and directing her to resign.

10.    Instituted in 2011, Macy's, Inc. uses a "bank" of "attendance credits" to monitor employee attendance while purportedly giving employees "flexibility." Under this system, employees are given an initial credit balance, and attendance credits are added or subtracted according to the following rules:

a.    Employees earn one credit for each month of perfect attendance (i.e., no attendance credits used).

b.    Employees lose 1/2 credit for arriving 10-60 minutes late or for leaving 15-60 minutes early.

c.    Employees lose one credit for arriving more than 60 minutes late, leaving more than 60 minutes early, missing work during a weekday, or missing work on consecutive weekdays.

d.    Employees lose two credits for missing work on a weekend or missing work on consecutive weekend days.

11.    Macy's, Inc.'s "attendance credit" system purports to follow California and Federal

3

laws by giving Macy's, Inc.'s employees the legal right to take medical leaves of absence "without a negative impact on employment." This is untrue in practice and it does not allow for reasonable accommodation for employees with known disabilities which may interfere with these attendance standards. According to Macy's, Inc.'s attendance policy, an employee can be "reviewed for termination" if he or she reaches "a credit balance of zero."

12. Ms. Montanez believed that Macy's, Inc.'s attendance policy would be applied equally to all Macy's, Inc.'s employees, regardless of the employee's age. Ms. Montanez also believed that Macy's would follow its attendance policy and not punish employees who require a medical leave of absence due to disability or attenuated leave needs. But Ms. Montanez was wrong. Ms. Padron clearly applied this policy in a discriminatory manner and did not excuse abscesses due to disability needs.

13. Starting February 2, 2011, when Ms. Montanez returned from her pre-approved medical leave of absence, Macy's, Inc. and now, with this new attendance policy in place, Ms. Padron escalated a continuous campaign to harass and discriminate against Ms. Montanez, up to and including Ms. Montanez's unlawful and wrongful termination on May 31, 2012 for alleged "attendance issues," which should have been excused and not counted against her.

14. On May 14, 2011, Ms. Montanez was called into the office of her supervisor at the time, Katia Juarez, and warned about her "attendance points," even though at that time she had a "points balance" of 9.0 points, well over the "credit balance of zero" that could make her subject to termination according to Macy's, Inc.'s own attendance policy. Days later, on or about May 17, 2011, Ms. Montanez was called into the office of her new supervisor, Arlene Padron, who again warned her about her attendance points in an especially mean-spirited manner. These warnings surprised and shocked Ms. Montanez because no other employees were being warned about their attendance, and Ms. Montanez had at least 9.0 attendance credits in her attendance bank.

15. On August 20, 2011, Human Resources Representative Joy Cooper called Ms. Montanez into her office and informed her that she had signed out for lunch two minutes late. As punishment, Ms. Montanez was sent home for two days and was given two "unexcused

4

1   absences" for the days she was sent home. Again, this unfair treatment surprised and shocked

2   Ms. Montanez, because none of her younger co-workers had ever been suspended for signing out

3   late for lunch, and Macy's, Inc.'s attendance policy did not list lunch breaks as grounds for

4   deducting any attendance points, let alone two attendance points and a two-day suspension.

5   These are two points we believe should not have been levied against an employee with a known

6   disability who has a known medical condition.

7       16.     During the month of September 2011, Ms. Montanez had perfect attendance and

8   received an attendance credit, but still her supervisor Arlene Padron continued to single her out

9   and harass her about her "attendance issues." On or about October 16, 2011, Ms. Padron and

10  Human Resources Manager Laurie Scott Holiday told Ms. Montanez that her attendance was

11  grounds for termination and directed Ms. Montanez to resign and retire. Ms. Montanez was

12  confused and hurt by this request from her supervisor, the Human Resources Manager, because

13  she still had an attendance "point balance" of attendance credits, and none of her younger

14  co-workers were asked to resign who had point balances. Ms. Montanez told Arlene Padron and

15  Laurie Scott Holiday that she did not want to resign and retire. Arlene Padron and Laurie Scott

16  Holiday insisted and directed her one more time to voluntarily resign and retire. Ms. Montanez

17  again refused and explained that she had been a faithful employee for eighteen years and did not

18  understand why she was being targeted for this unfair treatment.  Shaken by the harassment, Ms.

19  Montanez returned to work, but Arlene Padron and Laurie Scott Holiday warned they would

20  "talk about this again later."

21      17.     In January and February 2012, Ms. Montanez had two more months of perfect

22  attendance, and received two more attendance credits to her attendance bank. But Ms.

23  Montanez's perfect attendance did not prevent her supervisor, Arlene Padron, and Human

24  Resources Assistant Manager Eric Nagasawa from continuing to harass Ms. Montanez about her

25  attendance. On February 15, 2012, Arlene Padron and Eric Nagasawa again threatened Ms.

26  Montanez with termination because of her attendance. Once again, Ms. Montanez was the only

27  employee singled out for this harassment.

28      18.     On March 5, 2012, Ms. Montanez began to feel a persistent pain in her left leg

5

1   and gave notice of this, but fearful of losing her job if she requested time off, she continued to

2   work through the pain. Beginning March 29, 2012, her leg was extremely painful and she was

3   penalized for this in the point system which, we contend, she should not have been. Another half

4   point. During her day off on April 20, 2012, by this time her leg was excruciatingly painful. Ms.

5   Montanez saw her doctor who took an M.R.I. of her pained, swollen left leg and prescribed her

6   medication to ease the pain and swelling. Unable to work because of the pain, and unable to drive

7   because of the pain medication, Ms. Montanez called the following day, April 21, 2012 stating

8   she would be out as she could not walk and was in pain.

9         19.    Supervisor Arlene Padron gave Ms. Montanez an "unexcused absence" and,

10   contrary to Macy's attendance policy, subtracted two attendance points for missing work on April

11   21, 2012. Two more unexcused absence points which should have been excused and

12   accommodated. Up to 4.5 points wrongfully counted. Also contrary to Macy's, Inc.'s attendance

13   policy, when Ms. Montanez reported for work on April 24, 2012, Arlene Padron sent Ms.

14   Montanez home early as additional punishment for missing work on April 21 which should have

15   been excused. Still not satisfied with this punishment inflicted upon her oldest employee, Arlene

16   Padron once again acted contrary to Macy's, Inc.'s attendance policy and subtracted one

17   attendance point for an "early out"-leaving work early-on April 24, 2012, even though it was

18   Arlene Padron who sent Ms. Montanez home early. This totals up to 5.5 points "unexcused"

19   according to Macy's, Inc.

20         20.    While at work on April 26, 2012, Ms. Montanez received a call from her doctor

21   with the results of the M.R.I. she had taken during her day off on April 20, 2012. To her horror,

22   Ms. Montanez learned that she had a blood clot in her left leg that required emergency surgery at

23   6:00 a.m. the next morning. Due to the surgery, Ms. Montanez dutifully reported this to her

24   supervisor, Arlene Padron, and requested reasonable accommodation for her emergency surgery.

25   Although Arlene Padron pretended to agree with Ms. Montanez's request that Ms. Montanez

26   leave work after lunch in order to prepare for her surgery the next day, Arlene Padron actually

27   had no intention of accommodating her eldest employee's disability. Instead, Arlene Padron

28   seized the opportunity to turn Ms. Montanez's medical leave into another "attendance issue."

6

1   Arlene Padron subtracted an attendance point from Ms. Montanez for leaving work early on

2   April 26, 2012; and to add insult to injury subtracted another attendance point for an unexcused

3   absence on April 27, 2012, the date of Ms. Montanez's emergency surgery.  She subtracted an

4   attendance point for an unexcused absence on April 28, 2012, the day after Ms. Montanez's

5   emergency surgery despite Ms. Montanez's notice. These points were subtracted despite the fact

6   that Ms. Montanez submitted a doctor's note excusing her from work on April 27 and 28, 2012

7   and had given notice of the prior disability issues in that walking was difficult.  Now her point

8   total was 7.5 unexcused points, which by law, we contend should have been zero points

9   deducted.

10       21.   Ms. Montanez was approved for medical leave from April 30, 2012 until May 7,

11   2012, to recover from her surgery. On May 30, 2012, Ms. Montanez told her floor manager,

12   Vahag Acopian, that she was concerned about the improper deductions from her attendance and

13   the harassment she had constantly been singled out for regarding her attendance. To Ms.

14   Montanez's dismay, Vahag Acopian told her not to worry because supervisor Arlene Padron

15   regularly corrected negative attendance points of her employees. Ms. Montanez was shocked by

16   this news because Arlene Padron had constantly and continuously singled her out to harass her

17   and discriminate against her about her attendance and had never offered to adjust the improper

18   deductions from her attendance record.

19       22.   After 15 months of continuous, ongoing harassment and discriminatory treatment

20   suffered by Ms. Montanez, directly after she complained to Vahag Acopian on May 30, 2012, she

21   was terminated on May 31, 2012. On May 31st, after Ms. Montanez finished her shift and met

22   her sales goals, Arlene Padron called Ms. Montanez into the Human Resources Department to

23   meet with her and Human Resources Representative Monica Alfaro. Once again, Arlene Padron

24   directed again that Ms. Montanez voluntarily resign and pressured Ms. Montanez to sign a

25   resignation document, but, once again, Ms. Montanez refused. Monica Alfaro and Arlene Padron

26   then informed Ms. Montanez that she was being terminated for "attendance problems."

27       23.   Macy's purported reason for terminating Ms. Montanez - "attendance problems" -

28   is the definition of pretext, because only Ms. Montanez was targeted for the repeated harassment

7

1  regarding her attendance, while younger employees had their deductions forgiven by Arlene

2  Padron. Only Ms. Montanez was asked to resign on two separate occasions by Arlene Padron and

3  Human Resources representatives. Only Ms. Montanez was given different attendance rules-rules

4  that said having five attendance credits was grounds for termination; rules that allowed

5  supervisors to suspend Ms. Montanez then count her suspension as unexcused absences; rules

6  that counted days receiving and recovering from emergency surgery as unexcused absences.

7      24.    In truth, Ms. Montanez was targeted for continuous harassment because she was

8  eighty-six years old, the oldest employee at the Macy's Burbank store, and her employment and

9  interaction with customers as a fragrance specialist was incompatible with Macy's, Inc.'s image of

10  itself as a fun store that appeals to young consumers. Ms. Montanez was also targeted because

11  she required a temporary leave of absence for emergency surgery and requested reasonable

12  accommodation for her disability. Macy's, Inc. and Arlene Padron spent more than a year

13  threatening Ms. Montanez with termination, pressuring Ms. Montanez to voluntarily resign and

14  retire from her position, and attempting to build a case against Ms. Montanez based on

15  "attendance problems" by violating Macy's, Inc.'s own attendance policy and California's

16  employment and medical leave laws which allow for accommodation following an interactive

17  process.

18      25.    The unlawful discrimination, harassment, retaliation, failure to engage in the

19  interactive process and failure to provide reasonable accommodation has caused Ms. Montanez

20  serious emotional distress, severe anxiety, and depression as Ms. Montanez has lost her identity

21  and her main source of income in the midst of an economic downturn. At eighty-six years old,

22  Ms. Montanez has been unable, and likely will never be able, to find other employment.

23      26.    Plaintiff is emotionally debilitated as a result of Defendant's treatment of her.

24      27.    At all times Plaintiff performed in a satisfactory manner, received good

25  performance evaluations and was a committed and loyal employee.

26      28.    Plaintiff filed timely Complaints of Discrimination with the California Fair

27  Employment and Housing Department against Defendant for employment discrimination because

28  of disability, age and related claims and are attached herein as Exhibit "A." Thereafter,

8

1   Right-to-Sue Letters were received and are attached herein as Exhibit "B."

2                    **FIRST CAUSE OF ACTION**

3        **(Employment Discrimination Because of Disability Against Defendant**

4              California Government Code § 12900, *et seq.*)

5        29.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28

6   and incorporates the same by reference as though fully set forth herein.

7        30.    Defendants, and each of them, discriminated against Plaintiff by treating her

8   differently, denigrating her and ultimately terminating her employment because of her disability,

9   a blood clot in her leg, and because she had to take protected leave, in violation of the California

10  Fair Employment and Housing Act, California Government Code §12900, *et seq.*

11       31.    Defendants, and each of them, discriminated against plaintiff by terminating

12  Plaintiff because of her disability, in violation of the California Fair Employment and Housing

13  Act, California Government Code §12900, *et seq.*

14       32.    At all times Plaintiff was an employee within the meaning of California

15  Government Code §12926 and at all times during her employment she performed in a competent,

16  satisfactory manner.

17       33.    Plaintiff is informed and believes and based thereon alleges that in addition to the

18  practices enumerated above, defendants may have engaged in other discriminatory practices

19  against her which are not yet fully known.  At such time as such discriminatory practices become

20  known to her, plaintiff will seek leave of Court to amend this Complaint in that regard.

21       34.    Plaintiff filed Charges of Discrimination with the California department of Fair

22  Employment and Housing (hereinafter "DFEH"), and true and correct copies of said Complaints

23  are attached hereto as Exhibit "A" and is incorporated herein by this reference.  Plaintiff has

24  exhausted her administrative remedies, received his Notices of Right to Sue letters, and timely

25  files this action.  True and correct copy of said Right to Sue letters are attached hereto as Exhibit

26  "B" and incorporated herein by this reference.

27       35.    As a direct and proximate result of Defendants' willful, knowing and intentional

28  discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

                                    9

1  full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

2  of court to amend her complaint at such time as these damages are fully ascertained.

3      36.    As a further direct and proximate result of Defendants' discriminatory conduct and

4  actions against her in violation of <u>California Government Code</u> §12900, *et seq.* as heretofore

5  described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for

6  which she entered the employment relationship with defendants, and each of them, thereby

7  causing her to suffer emotional and mental distress, anguish, embarrassment and humiliation, all

8  to her general damages in an amount according to proof at trial, but in excess of the jurisdictional

9  amount of this court.

10      37.    As a further, direct and proximate result of the defendant's violation of <u>California</u>

11  <u>Government Code</u> §12900, *et seq.*, as heretofore described, Plaintiff has been compelled to retain

12  the services of counsel in an effort to enforce the terms and conditions of her employment

13  relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and

14  costs, the full nature and extent of which are presently unknown to her, and Plaintiff will seek

15  leave of Court to amend this Complaint in that regard when the same shall be fully and finally

16  ascertained.  Plaintiff further requests attorney fees be awarded to her pursuant to <u>California</u>

17  <u>Government Code</u> §12965.

18      38.    Plaintiff is informed and believes and based thereon alleges that the outrageous

19  conduct of Defendants described above was done with malice, fraud and oppression and with

20  conscious disregard for her rights and with the intent, design and purpose of injuring her.

21  Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned

22  and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By

23  reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a

24  sum according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Failure to Reasonably Accommodate Disability Against Defendant -**

**Leg Blood Clot - <u>California Government Code</u> § 12900, *et seq.*)**

28      39.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38

10

**COMPLAINT**

1   and incorporates the same by reference as though fully set forth herein.

2       40.    Defendants, and each of them, discriminated against Plaintiff by failing to

3   reasonably accommodate Plaintiff because of her disability, degenerative arthritis, when they

4   terminated Plaintiff, counting her excused absences as "unexcused," in violation of the California

5   Fair Employment and Housing Act, California Government Code §12900, et seq.

6       41.    At all times Plaintiff was an employee within the meaning of California

7   Government Code §12926 and at all times during her employment she performed in a competent,

8   satisfactory manner. Plaintiff is informed and believes that the reasonable accommodations

9   which she requested would not have created an undue burden for Defendant, in fact, her position

10   existed and was filled by her temporary replacement still working today.

11       42.    Plaintiff is informed and believes and based thereon alleges that in addition to the

12   practices enumerated above, defendants may have engaged in other discriminatory practices

13   against her which are not yet fully known. At such time as such discriminatory practices become

14   known to her, plaintiff will seek leave of Court to amend this Complaint in that regard.

15       43.    Plaintiff filed Charges of Discrimination with the California Department of Fair

16   Employment and Housing (hereinafter "DFEH"), and true and correct copies of said Complaint

17   are attached hereto as Exhibit "A" and is incorporated herein by this reference. Plaintiff has

18   exhausted her administrative remedies, received her Notice of Right to Sue letters and has timely

19   filed this action. True and correct copy of said Right to Sue letters are attached hereto as Exhibit

20   "B" and incorporated herein by this reference.

21       44.    As a direct and proximate result of defendants' willful, knowing and intentional

22   discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the

23   full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave

24   of court to amend her complaint at such time as these damages are fully ascertained.

25       45.    As a further direct and proximate result of defendant's discriminatory conduct and

26   actions against her in violation of California Government Code § 12940 et seq. as heretofore

27   described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for

28   which she entered the employment relationship with defendants, and each of them, thereby

11

1  causing her to suffer emotional and mental distress, anguish, embarrassment and humiliation, all

2  to her general damages in an amount according to proof at trial, but in excess of the jurisdictional

3  amount of this court.

4        46.    As a further, direct and proximate result of the defendant's violation of California

5  Government Code § 12900 *et seq.*, as heretofore described, Plaintiff has been compelled to retain

6  the services of counsel in an effort to enforce the terms and conditions of her employment

7  relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and

8  costs, the full nature and extent of which are presently unknown to her, and Plaintiff will seek

9  leave of Court to amend this Complaint in that regard when the same shall be fully and finally

10 ascertained.  Plaintiff further requests attorney fees be awarded to him pursuant to California

11 Government Code §12965.

12       47.    Plaintiff is informed and believes and based thereon alleges that the outrageous

13 conduct of Defendants described above was done with malice, fraud and oppression and with

14 conscious disregard for her rights and with the intent, design and purpose of injuring her.

15 Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned

16 and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By

17 reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a

18 sum according to proof at trial.  By reason thereof, Plaintiff is entitled to punitive or exemplary

19 damages in a sum to be determined at the time of trial.

20                   **THIRD CAUSE OF ACTION**

21             **(Failure to Engage in the Interactive Process**

22           **California Government Code § 12900, *et seq.*)**

23       48.    Plaintiff repeats and realleges by reference each and every allegation contained in

24 paragraphs 1 through 47 and incorporates the same herein as though fully set forth.

25       49.    Plaintiff is informed and believes that her employment was terminated and that

26 defendant failed to engage in an interactive process regarding accommodation regarding leave as

27 excused absences.  Instead of engaging in an interactive process Plaintiff was sent home, had

28 "points" counted against her and one interactive process was entered into.

12

50.     The California Fair Employment and Housing Act require that individuals shall have the benefit of an interactive process if they need accommodation for their disability. Without any interactive process Plaintiff was told there were attendance issues.

51.     As a direct and proximate result of Defendant's termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for her rights and with the intent, design and purpose of injuring her. Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in a sum to be determined at the time of trial.

53.     Plaintiff filed Complaints with the DFEH (Exh. A), and has secured her Right to Sue letters (Exh. B).

### FOURTH CAUSE OF ACTION

#### (Discrimination Because of Age

#### California Government Code § 12900, *et seq.*)

54.     Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 53 and incorporates the same herein as though fully set forth.

55.     Defendants, and each of them, discriminated against Plaintiff, who was eighty-six (86) years of age at termination, by treating her differently, and asking her to resign and retire because of her age in violation of the California Fair Employment and Housing Act, California Government Code §12900, *et seq.*

13

56.    At all times Plaintiff was an employee within the meaning of <u>California</u> <u>Government Code</u> §12926 and at all times during her employment she performed in a competent, satisfactory manner.

57.    Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, defendants may have engaged in other discriminatory practices against her because of her age which are not yet fully known.  At such time as such discriminatory practices become known to her, plaintiff will seek leave of Court to amend this Complaint in that regard.

58.    Plaintiff filed Charges of Discrimination with the California department of Fair Employment and Housing (hereinafter "DFEH"), and true and correct copies of said Complaint are attached hereto as Exhibit "A" and is incorporated herein by this reference.  Plaintiff has exhausted her administrative remedies, received Notices of Right to Sue letters, and timely files this action.  True and correct copy of said Right to Sue letters are attached hereto as Exhibit "B" and incorporated herein by this reference.

59.    As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend her complaint at such time as these damages are fully ascertained.

60.    As a further direct and proximate result of Defendants' discriminatory conduct and actions against her in violation of <u>California Government Code</u> §12900, *et seq.* as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which she entered the employment relationship with defendants, and each of them, thereby causing her to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to her general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

61.    As a further, direct and proximate result of the defendant's violation of <u>California</u> <u>Government Code</u> §12900, *et seq.*, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of her employment

14

1  relationship with defendants, and has thereby incurred, and will continue to incur, legal fees and

2  costs, the full nature and extent of which are presently unknown to her, and Plaintiff will seek

3  leave of Court to amend this Complaint in that regard when the same shall be fully and finally

4  ascertained.  Plaintiff further requests attorney fees be awarded to her pursuant to California

5  Government Code §12965.

6       62.   Plaintiff is informed and believes and based thereon alleges that the outrageous

7  conduct of Defendants described above was done with malice, fraud and oppression and with

8  conscious disregard for her rights and with the intent, design and purpose of injuring her.

9  Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned

10  and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By

11  reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a

12  sum according to proof at trial.

13                    **FIFTH CAUSE OF ACTION**

14       **(Wrongful Termination in Violation of Public Policy Against Defendant)**

15       63.   Plaintiff repeats and realleges by reference each and every allegation contained in

16  paragraphs 1 through 62 and incorporates the same herein as though fully set forth.

17       64.   Plaintiff is informed and believes that his employment was terminated as a result

18  of her disability and her age, eighty-six.

19       65.   It is the public policy of the State of California as expressed in Americans with

20  Disabilities Act and in Federal Statute and the California Fair Employment and Housing Act that

21  individuals shall not be terminated from their employment on the basis of their disability and/or

22  because of their age.

23       66.   As a direct and proximate result of Defendant's termination of Plaintiff in

24  violation of the public policy of the State of California, Plaintiff has suffered and will continue to

25  suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has

26  suffered and will continue to suffer a loss of earnings and other employment benefits and job

27  opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to

28  be proven at trial.

15

67.     Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendants described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other Defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants in a sum according to proof at trial.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages in a sum to be determined at the time of trial.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

**AS TO THE FIRST CAUSE OF ACTION**

1.     That Plaintiff be awarded general and compensatory damages according to proof at trial;

2.     That Plaintiff be awarded costs of suit, including reasonable attorneys' fees;

3.     That Plaintiff be awarded punitive damages against Defendants according to proof at trial; and

4.     That this Court award such further relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION**

1.     That Plaintiff be awarded general and compensatory damages according to proof at trial;

2.     That Plaintiff be awarded costs of suit, including reasonable attorneys' fees;

3.     That Plaintiff be awarded punitive damages against Defendants according to proof at trial; and

4.     That this Court award such further relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION**

1.     That Plaintiff be awarded general and compensatory damages according to proof at trial;

2.     That Plaintiff be awarded costs of suit, including reasonable attorneys' fees;

16

1      3.    That Plaintiff be awarded punitive damages against Defendants according to proof

2   at trial; and

3      4.    That this Court award such further relief as the Court deems just and proper.

4   **AS TO THE FOURTH CAUSE OF ACTION**

5      1.    That Plaintiff be awarded general and compensatory damages according to proof

6   at trial;

7      2.    That Plaintiff be awarded costs of suit, including reasonable attorneys' fees;

8      3.    That Plaintiff be awarded punitive damages against Defendants according to proof

9   at trial; and

10      4.    That this Court award such further relief as the Court deems just and proper.

11   **AS TO THE FIFTH CAUSE OF ACTION**

12      1.    That Plaintiff be awarded general and compensatory damages according to proof

13   at trial;

14      2.    That Plaintiff be awarded costs of suit and interest incurred as provided by law;

15      3.    That Plaintiff be awarded punitive damages against Defendants according to proof

16   at trial; and

17      4.    That this Court award such further relief as the Court deems just and proper.

18   Dated: June 28, 2013       ALLRED, MAROKO & GOLDBERG

19

20

21         MARGERY SOMERS
           Attorneys for Plaintiff, Antonia Montanez

22

23

24

25

26

27

28

17

**EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 480-2012-03211 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Antonia Montanez** | **(661) 259-1753** | **06-17-1925** |

| Street Address | City, State and ZIP Code |
|---|---|
| **25554 Hemingway #G, Stevenson Ranch, CA 91381** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **MACY'S INC** | **500 or More** | **(818) 841-2100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **202 E Cypress Ave., Burbank, CA 91502** | |

RECEIVED
AUG 2 3 2012

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **05-31-2012**   Latest **05-31-2012** |
| ☐ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been working for Macy's since about 1992 to about 5/31/12, most recently as a Fragrance Specialist. I have a medical condition that management is aware of. On or about 2/1/12, I was asked by Ms. Arlene Capuano, Group Manager, and Ms. Lori (last name unknown), Human Resources, to resign. On or about 5/31/12, Ms. Monica Alfaro, Human Resources, asked me to resign. On or about 5/31/12, I was discharged from my job after I refused to resign.

I was informed by Ms. Arlene Capuano that I was terminated because I have utilized all of my allotted attendance credits. I was deducted several attendance credits from 4/24/12 to 4/28/12 even though I have submitted medical notes from my doctor to HR.

I believe that I was discriminated against due to my age (87) and for being perceived as disabled, which is in violation of the Age Discrimination in Employment Act of 1967, as amended, and the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Aug 23, 2012   *Antonia J Montanez* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |



STATE OF CALIFORNIA | Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
122087-53112

COMPLAINANT
Antonia Montanez

NAMED IS THE EMPLOYER, PERSON, AGENCY, ORGANIZATION OR GOVERNMENT ENTITY WHO DISCRIMINATED AGAINST ME

| | ADDRESS | PHONE |
|---|---|---|
| RESPONDENT | | |
| Macy's (Amended) c/o Jason Lee, in-house counsel / Arlene Padron, as individual | | |
| | ADDRESS | PHONE |
| AGENT FOR SERVICE | | |
| PO Box 7888 | San Francisco, CA | |

| NO. OF EMPLOYEES | MOST RECENT DISCRIMINATION TOOK PLACE | TYPE OF EMPLOYER |
|---|---|---|
| | May 31, 2012 | |

| | | ADDRESS |
|---|---|---|
| CO-RESPONDENT(S) | | |

DATE FILED  May 22, 2013
MODIFIED   May 22, 2013

REVISED APRIL 2013
PAGE. 1/3



STATE OF CALIFORNIA ) Department of Fair Employment and Housing

EMPLOYMENT RIGHT TO SUE

# COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH MATTER NUMBER
122087-53112

| | |
|---|---|
| I ALLEGE THAT I EXPERIENCED | Discrimination, Harassment, Retaliation |
| ON OR BEFORE | May 31, 2012 |
| BECAUSE OF MY | Age - 40 and over, Disability, Medical Condition - including Cancer, Other Taking protected leave |
| AS A RESULT, I WAS | Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied reasonable accommodation, Terminated |

STATEMENT OF FACTS

I had been an employee of Macy's for over 2 decades and was terminated when I was 87 years of age and was working. I had taken protected leave and was terminated shortly thereafter. I was denied reasonable accommodation, a good faith interactive process and was terminated because of my disability/medical condition. I believe this was because of my disability and/or age as I was harassed and treated differently than younger employees and employees who did not need protected leave. The attendance point system did not take into account my protected leave and I was retaliated against and terminated for untilizing protected leave. [this complaint is amended to include the retaliation I experienced]

DATE FILED   May 22, 2013
MODIFIED      May 22, 2013

REVISED APRIL 2013
PAGE 2/3

**EXHIBIT B**

 

 STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR PHYLLIS W. CHENG

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

May 22, 2013

Antonia Montanez
25554 Hemingway #G
Stevenson Ranch, CA 91381

RE: Notice of Case Closure and Right to Sue
    DFEH Matter Number: 122087-53112
    Right to Sue: Montanez / .

Dear Antonia Montanez:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 22, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: �8 Agent for Service for

macy's

STATE OF CALIFORNIA | Business and Consumer Services Agency

EDMUND G. BROWN, JR., Governor

PHYLLIS W. CHENG, Director

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive | Suite 100 | Elk Grove | CA 95758-7115
(916) 478-7251 | TTY (800) 700-2320 | Videophone for the Deaf (916) 226-5285 | Fax (916) 478-7329
www.dfeh.ca.gov

| | |
|---|---|
| Diana Obernuefemann | |
| Administrative Assistant | **EEOC Number:** 480-2012-03211 |
| | |
| | **Case Name:** Antonia Montanez |
| | v. |
| | Macy's |
| | 611 Olive Street,10th Floor |
| | Saint Louis, MO 63101 |
| | **Date:** 9/18/2012 |

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember:** This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

TIMOTHY M. MUSCAT
Chief of Enforcement

| | | |
|---|---|---|
| **H** | 4800 Stockdale Hwy., Suite 215 | (888) 385-2729 |
| | Bakersfield, CA 93309 | |
| **M** | Bay Area Regional Office | (510) 622-2941 |
| | 1515 Clay Street, Suite 701 | |
| | Oakland, CA 94612 | |
| **G** | 1277 Airport Avenue, Suite 101 | (559) 244-4760 |
| | Fresno, CA 93720 | |
| **R/S** | 1055 West Seventh Street, | (213) 439-6799 |
| | Suite 1400 | |
| | Los Angeles, CA 90017 | |
| **E** | 2218 Kausen Drive, Suite 100 | (916) 478-7236 |
| | Elk Grove, CA 95758 | |
| | Sacramento District Office | |
| **G** | 2570 North First Street, Suite 480 | (408) 325-0644 |
| | San Jose, CA 95131 | |

DFEH-200-02 (01/11)

09/24/2012

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Margery N. Somers, Esq. (SBN 174052)<br>Allred, Maroko & Goldberg<br>6300 Wilshire Boulevard<br>Suite 1500<br>Los Angeles<br>  TELEPHONE NO.: (323) 653-6530  FAX NO.: (323) 653-1660<br>ATTORNEY FOR (Name): Antonia Montanez | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUN 28 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: MONTANEZ V. MACY'S

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC513772<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09) | **(Cal. Rules of Court, rules 3.400-3.403)**<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| **Employment**<br>[X] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* (5) FIVE

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 28, 2013

Margery N. Somers, Esq. (SBN 174052)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

*Legal Solutions Plus*




## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain, that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: MONTANEZ V. MACY'S | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL? [ ] HOURS/ [x] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A | B | C |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: MONTANEZ V. MACY'S | CASE NUMBER |
|---|---|

| | | | | |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: MONTANEZ V. MACY'S | CASE NUMBER |
|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 6., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

JUL 15 2013

1  NATHAN GOLDBERG, SBN 61292
   MARGERY N. SOMERS, SBN 174052
2  LAW OFFICES
   ALLRED, MAROKO & GOLDBERG
3  6300 WILSHIRE BOULEVARD, SUITE 1500
   Los Angeles, CA 90048-5217
4  Main: (323) 653-6530
   Fax: (323) 653-1660
5

6  Attorneys for Plaintiff Antonia Montanez

7

8

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF LOS ANGELES

11

12  ANTONIA MONTANEZ, an individual,      )   CASE NO: BC513772
                                          )
13                  Plaintiff,            )   **NOTICE OF CASE MANAGEMENT**
                                          )   **CONFERENCE**
14        vs.                             )
                                          )
15  MACY'S, INC., a corporation; and DOES 1 )
    through 50, inclusive,                )
16                                        )
                    Defendants.           )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28
                                1

NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE SENT TO:

Law Offices Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles        CA   90048-5217

ORIGINAL FILED
FILE STAMP

JUL   9 2013

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ANTONIA MONTANEZ    Plaintiff(s), | | BC513772 |
| VS. | | |
| MACY'S INC    Defendant(s). | | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for October 25, 2013 at 8:30 am in Dept. 17 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: July 9, 2013                                                  RICHARD E. Nave

                                                                                Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: July 9, 2013                          John A. Clarke, Executive Officer/Clerk

                                by _____ C. Ellis _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                    Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                        LASC Local Rules, Chapter Seven

1                                          **PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 6300 Wilshire Boulevard, Suite

4 1500, Los Angeles, California 90048.

5        On July 12, 2013, I served the foregoing document described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action by placing a true

6 copy thereof enclosed in a sealed envelope addressed as follows:

7                               Shirley D. Deutsch
                            Schwartz & Deutsch, LLP

8                             One California Plaza
                    300 South Grand Avenue, Suite 3900

9                           Los Angeles, CA 90071
                     Telephone: (213) 236-9400

10                      Facsimile: (213) 236-9499
              email address: sdeutsch@earthlink.net

11

12 [X]   **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

13

14 [ ]    **BY PERSONAL SERVICE:** I caused such envelope to be hand-delivered to the offices of the addressee(s).

15 [ ]    **BY FAX:** by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California

16 90048.

17 [ ]    **BY EMAIL:** I caused such document to be electronically served via email to the email address of the addressee(s).

18

19 [ ]    **BY FEDERAL EXPRESS:** I caused such document(s) to be delivered via Federal Express in a package designated to be picked up by Federal Express with delivery fees provided for to the addressee(s) designated. I am readily familiar with the business

20 practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

21 **Executed on July 12, 2013, at Los Angeles, California.**

22

23 [X]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [ ]    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service is made.

25

26

27 JENNIFER SHUEMAKER

28

                                     2

NATHAN GOLDBERG, SBN 61292
MARGERY N. SOMERS, SBN 174052
LAW OFFICES
ALLRED, MAROKO & GOLDBERG
6300 WILSHIRE BOULEVARD, SUITE 1500
Los Angeles, CA 90048-5217
Main: (323) 653-6530
Fax: (323) 653-1660

Attorneys for Plaintiff Antonia Montanez

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTONIA MONTANEZ, an individual, | CASE NO: BC513772 |
| Plaintiff, | **NOTICE OF ORDER TO SHOW CAUSE HEARING** |
| vs. | |
| MACY'S, INC., a corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

1

NOTICE OF ORDER TO SHOW CAUSE HEARING

ORIGINAL FILED

FILE STAMP

JUL  9 2013

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Law Offices Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles       CA   90048-5217

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| ANTONIA MONTANEZ | Plaintiff(s), | BC513772 |
| VS. | | |
| MACY'S INC | Defendant(s). | **ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:_

You are ordered to appear for an Order to Show Cause Hearing on September 26, 2013 at 8:30 am in Dept. 17 of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [ √ ] Summons and [ √ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:** _

-

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ √ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ √ ] Clerk's Office, Room _112_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

RICHARD E. RICO

Dated: July 9, 2013 _____

Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: July 9, 2013

John A. Clarke, EXECUTIVE OFFICER/CLERK

By_____C. Ellis_____, Deputy Clerk

### ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18

4

and not a party to the within action; my business address is:  6300 Wilshire Boulevard, Suite 1500, Los Angeles, California 90048.

5

      On July 12, 2013, I served the foregoing document described as **NOTICE OF ORDER TO SHOW CAUSE HEARING** on the interested parties in this action by placing a true copy

6

thereof enclosed in a sealed envelope addressed as follows:

7

Shirley D. Deutsch
Schwartz & Deutsch, LLP

8

One California Plaza
300 South Grand Avenue, Suite 3900

9

Los Angeles, CA 90071
Telephone: (213) 236-9400

10

Facsimile: (213) 236-9499
email address: sdeutsch@earthlink.net

11

12

[X]  **BY MAIL:**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

13

14

[ ]   **BY PERSONAL SERVICE:**  I caused such envelope to be hand-delivered to the offices of the addressee(s).

15

[ ]   **BY FAX:**  by transmitting a true copy via facsimile transmission from telecopier number (323) 653-1660 located at 6300 Wilshire Blvd., Ste. 1500, Los Angeles, California

16

90048.

17

[ ]   **BY EMAIL:**  I caused such document to be electronically served via email to the email address of the addressee(s).

18

19

[ ]   **BY FEDERAL EXPRESS:**  I caused such document(s) to be delivered via Federal Express in a package designated to be picked up by Federal Express with delivery fees provided for to the addressee(s) designated.  I am readily familiar with the business

20

practice of collecting and processing correspondence to be picked up by an employee of Federal Express.

21

**Executed on July 12, 2013, at Los Angeles, California.**

22

[X]  (State)  I declare under penalty of perjury under the laws of the State of California that the

23

above is true and correct.

24

[ ]   (Federal)  I declare that I am employed in the office of a member of the bar of this Court

25

at whose direction the service is made.

26

27

JENNIFER SHUEMAKER

28

2

Exhibit B

1   SHIRLEY D. DEUTSCH, Bar No. 76230
2   SCHWARTZ & DEUTSCH, LLP
    300 S. Grand Ave., Suite 3900
3   Los Angeles, California 90071
    Tel: (213) 236-9400
4   Fax: (213) 236-9499
    Email: sdeutsch@earthlink.net

5   Attorneys for Defendant
6   MACY'S, INC.

7                    UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9
    ANTONIA MONTANEZ, an              Case No.:
10  individual,
11                                    DECLARATION OF LINDA
                                      BALICKI IN SUPPORT OF
                 Plaintiff,           DEFENDANT MACY'S, INC.'S
12                                    REMOVAL OF ACTION UNDER 28
        v.                            U.S.C. §§1332, 1441, 1446
13
14  MACY'S, INC., a corporation; and
    DOES 1 through 50, inclusive,     [Notice of Removal filed concurrently
15                                    herewith.]

16               Defendants.          Complaint Filed:   June 28, 2013
                                      Trial Date:        None Set
17

18  I, Linda Balicki, hereby declare the following:

19       1.      I am an attorney employed by Macy's Corporate Services, Inc. in the

20  Macy's Inc. Law Department office located at 611 Olive Street, 10th Floor, St. Louis,

21
    Missouri 63101. Macy's Corporate Services, Inc. is a wholly-owned subsidiary of
22
23  Macy's Retail Holdings, Inc., which in turn is a wholly-owned subsidiary of Macy's,

24  Inc. My practice is concentrated in the corporate structure and governance area. I

25
    have been employed as an attorney with the former The May Department Stores
26
27  Company (acquired by Macy's, Inc. in 2005) and Macy's Corporate Services, Inc.

28

1  since 1988. I currently hold the title of Vice President.

2      2.    I am aware of the facts set forth below in paragraphs 3, 4, and 5 because

3  of my experience in the Macy's, Inc. Law Department, and through my job duties in

4  the corporate structure and governance area.

5      3.    The defendant in this action is Macy's, Inc.  Macy's, Inc. is the holding

6  company and ultimate parent company for all of the Macy's and Bloomingdale's

7  corporate entities. Its stock is traded on the New York Stock Exchange under the

8  symbol "M."

9      4.    On June 28, 2013, the date on which Plaintiff Antonia Montanez filed her

10  Complaint, Macy's, Inc. was incorporated under the laws of the State of Delaware.

11  Macy's, Inc. remains incorporated under the laws of the State of Delaware.

12      5.    On June 28, 2013, the date on which Plaintiff Antonia Montanez filed her

13  Complaint, Macy's, Inc.'s principal places of business were located in Cincinnati, Ohio

14  and New York, New York. Macy's, Inc.'s principal places of business remain in

15  Cincinnati, Ohio and New York, New York. The officers and senior management who

16  direct, control, and coordinate Macy's, Inc.'s activities do so from either Cincinnati,

17  Ohio or New York, New York. Decisions with respect to the direction and

18  management of Macy's, Inc. are made in either Ohio or New York.

19

20      I declare under penalty of perjury under the laws of the United States of

21  America and the laws of the State of California that the foregoing is true and correct.

22

23      Executed July 30, 2013 at St. Louis, Missouri.

24

25

26                                                 Linda Balicki

27

28

DECLARATION OF LINDA BALICKI IN SUPPORT OF DEFENDANT MACY'S, INC'S
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

Exhibit C

1  SHIRLEY D. DEUTSCH, Bar No. 76230
   SCHWARTZ & DEUTSCH, LLP
2  300 S. Grand Ave., Suite 3900
   Los Angeles, California 90071
3  Tel: (213) 236-9400
   Fax: (213) 236-9499
4  Email: sdeutsch@earthlink.net

5  Attorneys for Defendant
   MACY'S, INC.
6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9
   ANTONIA MONTANEZ, an                    Case No.:
10 individual,
                                           DECLARATION OF JASON E. LEE
11                                         IN SUPPORT OF DEFENDANT
              Plaintiff,                   MACY'S, INC.'S REMOVAL OF
12                                         ACTION UNDER 28 U.S.C. §§1332,
   v.                                      1441, 1446
13
   MACY'S, INC., a corporation; and
14 DOES 1 through 50, inclusive,           [Notice of Removal filed concurrently
                                           herewith.]
15
              Defendants.
16                                         Complaint Filed:   June 28, 2013
                                           Trial Date:        None Set
17

18 I, Jason E. Lee, hereby declare the following:

19      1.    I am an attorney employed by Macy's Corporate Services, Inc. in the

20 Macy's Inc. Law Department office located at 170 O'Farrell Street, San Francisco,

21 California 94120. Macy's Corporate Services, Inc. is a wholly-owned subsidiary of

22 Macy's Retail Holdings, Inc., which in turn is a wholly-owned subsidiary of Macy's,

23 Inc. My practice is concentrated in the employment area. I have been employed as an

24 attorney with Macy's Corporate Services, Inc. since 2006. I currently hold the title of

25 Senior Counsel.

26      2.    On December 11, 2012, I received an email from Ryan Kroll, an attorney

27 with the Law Offices of Solomon, Saltsman & Jamieson who was representing

28

Antonia Montanez in her pre-lawsuit settlement negotiations. A true and correct copy of Mr. Kroll's email is attached hereto as <u>Exhibit 1</u>. In his email to me, Mr. Kroll stated that Ms. Montanez demanded $125,000 to settle her claims against Macy's. <u>*Id.*</u>

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing is true and correct.

Executed July 31, 2013 at New York, New York.

Jason E. Lee

DECLARATION OF JASON E. LEE IN SUPPORT OF DEFENDANT MACY'S, INC'S
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

Macy's Legal Department
22 4th Street
3rd Floor
San Francisco, CA 94103

Tie Line: 81189515749
Phone: (415) 951-5749
Fax: (415) 951-5707
E-mail: jason.e.lee@macys.com
----- Forwarded by Jason E Lee/MCS/MACYS on 12/11/2012 02:30 PM -----

| | |
|---|---|
| From: | Ryan Kroll <rkroll@ssjlaw.com> |
| To: | Jason E Lee <jason.e.lee@macys.com>, |
| Cc: | SSJ Archive <ssjarchive@ssjlaw.com> |
| Date: | 12/11/2012 02:06 PM |
| Subject: | Re: Antonia Montanez |

Jason,

As requested, please find attached Ms. Montanez's Time Sheet and some of the medical documentation that supports her claims. Ms. Montanez's Time Sheet shows that Ms. Montanez was counted absent, and attendance credits were deducted from Ms. Montanez's attendance bank, on April 21, 26, 27, and 28, 2012.

The attached note from Ms. Montanez's doctor shows that Ms. Montanez missed work on April 21, 2012 due to a drug reaction. Ms. Montanez called in and reported this drug reaction on April 21st, yet this absence was still counted against her. Additionally, the attached medical receipt shows that Ms. Montanez underwent a medical procedure on April 27, 2012, which caused her to leave early from work on April 26th due to the surgery at 6:00 a.m. the next morning and also caused her to miss work on the 27th and 28th. Ms. Montanez informed Arlene Padron of her surgery and her necessary absences but these absences were still counted against her.

Please be advised that Ms. Montanez makes a settlement demand of $125,000. I look forward to hearing back from you on or before December 14th.

On Wed, Dec 5, 2012 at 1:35 PM, Jason E Lee <jason.e.lee@macys.com> wrote:

Ryan,

During Ms. Montanez's employment with Macy's, she provided her mailing address as: 25554-G Hemingway Ave.
Stevenson Ranch, CA 91381.  The Solutions inSTORE informational material, along with the opt out election letter, was mailed to her at that address in Fall 2003.  The package was not returned to Macy's undeliverable.  Macy's never received her opt out letter.  In addition, a letter welcoming her into the SIS program was mailed in January of 2004.

As I mentioned on the phone, my client is in meetings all week and it's difficult reaching her to discuss mediation.  Since I'll be out of the office on Thurs. and Frid., I'd like an extension on your deadline to December 14.  It would help help our evaluation if you could provide us with an initial demand.

As I also mentioned, it's my understanding that any absences due to Ms. Montanez's medical condition were not counted against her attendance credit bank.  Please send me any relevant documents, such as medical records, that can help me evaluate her discrimination claims.

Thanks.

Lee Ex. 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Otis D. Wright II _____ and the assigned Magistrate Judge is _____ Patrick J. Walsh _____ .

The case number on all documents filed with the Court should read as follows:

## 2:13-CV-5707-ODW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 7, 2013
_____
Date

By  MDAVIS _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☑ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

## I. (a) PLAINTIFFS (Check box if you are representing yourself □)

Antonia Montanez

## DEFENDANTS (Check box if you are representing yourself □)

Macy's, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Nathan Goldberg and Margery N. Somers
Allred, Maroko & Goldberg
6300 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90048-5217 (232) 653-6530

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shirley D. Deutsch, Schwartz & Deutsch, LLP
300 So. Grand Avenue, Suite 3900
Los Angeles, CA 90071
(213) 236-9400

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ ~~According to proof~~

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332, 1441 and 1446

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☒ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☒ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☒ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☒ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☒ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-05707**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Ohio and New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: August 6, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |